# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 03-3823

—————

Tressia L. Lewis,      *
     *
     Plaintiff-Appellant,      *
     *
     v.      *      Appeal from the United States
     *      District Court for the Western
John E. Potter, Postmaster General,      *      District of Missouri.
     *
     *      [UNPUBLISHED]
     Defendant-Appellee.      *

—————

Submitted: September 17, 2004
Filed: October 14, 2004 (Corrected: 10/19/04)

—————

Before MURPHY, McMILLIAN, and BENTON, Circuit Judges.

—————

PER CURIAM.

Tressia L. Lewis alleges that she was unlawfully disciplined and terminated by the United States Postal Service, based upon her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. The district court[1] granted summary judgment to the USPS, ruling Lewis failed to demonstrate that the USPS' legitimate, nondiscriminatory reasons for discipline and termination were

—————

[1] The Honorable Nanette K. Laughrey, Judge, United States District Court for the Western District of Missouri.

pretext for discrimination. This Court reviews de novo the grant of summary judgment, viewing the facts in the light most favorable to Lewis. *Rose - Matson v. NME Hospitals, Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1997). Jurisdiction being proper under 28 U.S.C. § 1291, this Court now affirms.

The USPS disciplined Lewis, after progressive discipline, for various violations of USPS policy – ultimately terminating her. Lewis argues that the underlying reasons for her discipline and termination were racial and gender discrimination. Lewis alleges that she was singled out and disproportionately disciplined by her supervisors, because she is an African-American woman.

The USPS responds that the reasons for discipline and termination were Lewis' "failure to follow instructions," "inappropriate conduct," being "absent from [her] work assignment," and her job performance. Lewis counters that the USPS' reasons were pretext for discrimination.

In support of her allegation, Lewis cited two occasions when the USPS disciplined her for returning late from break. For evidence of discrimination, Lewis noted that on both occasions two other African-American women were also late returning from break, but were not disciplined. Lewis also asserted that criticism of her job performance was unfounded and pretextual. In support, she relied on the EEO-hearing testimony of a USPS trainer who testified that she ran her machine like anyone else, and she was "no subpar person."

Under the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792, 801-04 (1973), a plaintiff must first establish a prima facie case of discrimination to establish a claim under Title VII. *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1046 (8th Cir. 2002). Once the plaintiff does this, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason. *Id.* If the employer satisfies this burden, the burden of

-2-

production shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretext for unlawful discrimination. *Id.* To establish that an employer's legitimate, nondiscriminatory reason is pretext for discrimination, an employee must offer evidence for a reasonable trier of fact to infer discrimination. *Matthews v. Trilogy Communications, Inc.*, 143 F.3d 1160, 1165 (8th Cir. 1998).

Although Lewis alleges that the USPS' legitimate, nondiscriminatory reasons were pretext for discrimination, she failed to present sufficient evidence to rebut the USPS' reasons. Lewis relies on evidence that she was singled out and disproportionately disciplined, because of her race and gender. Although it appears she was singled out, there is no evidence this was motivated by unlawful discrimination. For example, the two occasions Lewis claims she was singled out for discipline, she was accompanied by other African-American women, engaging in the same behavior, who were not disciplined. This fact prevents a reasonable trier from inferring discrimination.

Lewis also relies on the trainer's testimony for the proposition that the USPS's criticisms of her job performance were untrue. But, Lewis must do more than cast doubt on the veracity of the USPS' proffered reasons; she must present evidence that infers discrimination. Lewis failed to present such evidence. As a result, Lewis did not meet her burden of production under *McDonnell Douglas*. The district court did not err in granting summary judgment to the USPS.

Lewis also claims to have been subject to a hostile work environment and retaliation. As for the hostile work environment, she cites the following as harassment she alleges created a hostile work environment: (1) being closely monitored by her supervisors during breaks and while she worked on numerous occasions; (2) two instances where she was told to stop talking by her supervisors; (3) one instance where she believes she was followed by a supervisor; (4) two occasions where a supervisor asked her to perform work she believed to be outside

her medical restrictions; and (5) one instance when she was not paid for eight hours of work after she swiped her time card at the wrong location. The conduct Lewis cites falls short of establishing a claim for hostile work environment.

Hostile-work-environment harassment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Tademe v. St. Cloud St. University*, 328 F.3d 982, 991 (8th Cir. 2003). In this case, the acts of Lewis' supervisors are neither severe nor pervasive enough to constitute a hostile work environment claim. The district court did not err in granting summary judgment to the USPS.

With respect to her retaliation claim, Lewis alleges that after she filed her EEO complaint, she was singled out more frequently for discipline, scrutiny, and monitoring. To establish a prima facie case of retaliation, an employee must show that: (1) she engaged in statutorily protected activity; (2) the USPS took adverse action against her; and (3) a connection exists between the two occurrences. *Id.* at 992. Here, Lewis failed to present evidence of a causal nexus between her filing the EEO complaint and the increased level of being singled out for discipline, scrutiny, and monitoring. Thus, Lewis did not establish a prima facie case of retaliation.

The judgment of the district court granting summary judgment to the USPS is affirmed.

_____

-4-